NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1011

RENALDO BROWNE

vs.

DIRECTOR OF THE DEPARTMENT OF UNEMPLOYMENT ASSISTANCE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Renaldo Browne, appeals from a judgment of the Boston Municipal Court (BMC) affirming a decision of the Department of Unemployment Assistance (DUA). The question presented is whether a Boston Municipal Court judge erred in affirming the DUA's determination that the plaintiff had failed to establish good cause to pursue a belated appeal of the DUA's decision disqualifying him from unemployment benefits. See G. L. c. 151A, § 39 (b). We affirm.

Background. In 2024, the plaintiff filed an electronic claim for unemployment benefits with the DUA with an effective date of April 21, 2024. As part of the claim process, the plaintiff was prompted to provide a "correspondence preference."

The plaintiff provided the DUA with his preferred email address.[1] On November 15, 2024, the DUA issued a "notice of disqualification" (notice) to the plaintiff, denying his claim for unemployment benefits.  The notice indicated, in relevant part, that "[t]his determination will become final unless . . . [y]ou request a hearing within ten calendar days after the date of mailing."  The DUA sent an email message to the email address that the plaintiff had provided, which advised the plaintiff that he had correspondence in his "UI (unemployment insurance) Online account inbox" (UI online inbox).  That same day, the plaintiff accessed and viewed his UI online inbox, which contained the notice.  The plaintiff subsequently confirmed that on November 15, 2024, he received the notice at the correct email address.  Despite the statement in the notice advising the plaintiff that he had ten days within which to request a hearing on the DUA's determination, the plaintiff did not appeal from the denial of his claim until December 16, 2024, thirty-one days after the notice had issued.

On January 23, 2025, a hearing was held before a DUA hearing examiner to determine whether the plaintiff could demonstrate good cause for failing to timely file his appeal

---

[1] The claim process contains a notice warning that states, "[y]ou will be receiving important, time sensitive correspondence that may affect your rights to benefits."

from the denial.  See G. L. c. 151A, § 39 (b) ("Any interested party notified of a determination may request a hearing within ten days after delivery in hand by the commissioner's authorized representative, or mailing of said notice, unless it is determined in accordance with procedures prescribed by the commissioner that the party had good cause for failing to request a hearing within such time").  At the hearing, the plaintiff acknowledged that he was familiar with the ten-day requirement but maintained that he did not recognize the notice in his UI online inbox.  On January 24, 2025, the hearing examiner issued a detailed decision concluding, inter alia, that the plaintiff "did not provide a credible reason for why the appeal was filed late," and had failed to establish good cause for missing the ten-day deadline.

The plaintiff appealed the hearing examiner's decision to the DUA Board of Review (board), which affirmed the hearing examiner's decision.  The plaintiff appealed the board's decision to the Boston Municipal Court.  See G. L. c. 151A, § 42.  After a hearing, a Boston Municipal Court judge affirmed the decision of the board and judgment issued for the DUA.  This appeal ensued.

Discussion.  To begin, we note that our review is hampered by the plaintiff's unclear brief and failure to comply with various rules of appellate procedure.  See, e.g., Mass. R. A. P.

3

16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  An appellant's brief must contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities and parts of the record on which the appellant relies."  Mass. R. A. P. 16 (a) (9) (A).  The rule "is more than a 'mere technicality.  It is founded on the sound principle that the right of a party to have this court consider a point entails a duty; that duty is to assist the court with argument and appropriate citation of authority.'"  Cameron v. Carelli, 39 Mass. App. Ct. 81, 85-86 (1995), quoting Lolos v. Berlin, 338 Mass. 10, 14 (1958).  On this basis alone, the judgment could be affirmed because the issues on appeal have been waived.

In any event, to the extent we can discern the arguments being raised on appeal, we conclude that the judgment must be affirmed.  The plaintiff appears to contend, inter alia, that he was deprived of the opportunity to pursue the merits of his claim to the DUA, and thus the judge should not have affirmed the decision of the board.  We disagree.

We first note that the judge's review was limited to the administrative record.  See Conley v. Director of Div. of Employment Sec., 340 Mass. 315, 318 (1960).  Furthermore, the judge was required to give due weight to the experience, technical competence, and specialized knowledge of the agency.

4

See G. L. c. 30A, § 14 (7); Springfield v. Department of Telecomm. & Cable, 457 Mass. 562, 567 (2010). The board's decision could only be overturned if it was unsupported by substantial evidence, arbitrary or capricious, an abuse of discretion, or unsupported by law. See G. L. c. 30A, § 14 (7).

We have reviewed the entire record, including but not limited to the thorough hearing conducted by the hearing examiner, the hearing examiner's comprehensive findings of fact and decision, the board's decision, the judge's ruling on the complaint for judicial review, and the administrative record. To the extent there are disputes of fact between the parties, the hearing examiner's findings all have support in the record. Furthermore, we cannot say that the decisions of the board or the hearing examiner were arbitrary or capricious, or based on anything less than substantial evidence. Further, there was no error in determining that the plaintiff did not sustain his burden. See Sohler v. Director of the Div. of Employment Sec., 377 Mass. 785, 788 n.1 (1979) ("The burden of proof as to all aspects of eligibility for unemployment benefits, including the burden of establishing good cause [for leaving work], rests with the worker").

Finally, to the extent that the plaintiff contends that the judge denied him due process protections under the Fifth and Fourteenth Amendments to the United States Constitution, we note

5

that the judge held a hearing and gave the plaintiff ample opportunity to present his case and be heard.  See <u>Mullane</u> v. <u>Central Hanover Bank & Trust Co</u>., 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").  In short, the claims are unavailing.[2]

<u>Judgment affirmed</u>.

By the Court (Vuono, Neyman & Smyth, JJ.[3]),

Clerk

Entered:  July 7, 2026.

---

[2] To the extent we do not discuss other arguments made by the parties, they have not been overlooked.  "We find nothing in them that requires discussion."  <u>Commonwealth</u> v. <u>Domanski</u>, 332 Mass. 66, 78 (1954).

[3] The panelists are listed in order of seniority.